# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| RONALD YOUNG, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL ATCHISON, Warden, )<br>)<br>Respondent. ) | Case No. 11-CV-2206 |

## OPINION

On August 29, 2011, Petitioner, Ronald Young, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1). On April 5, 2012, Respondent filed a Motion to Dismiss (#8), arguing that the Petition for Writ of Habeas Corpus (#1) should be dismissed as time barred because it was filed more than one year after Petitioner's conviction and sentence became final. This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with Respondent that the Petitioner's Petition for Writ of Habeas Corpus (#1) is not timely and therefore must be dismissed.

## FACTS

In April 2004, a jury convicted the Petitioner, Ronald Young, of first degree murder under 720 Ill. Comp. Stat. 5/9-1(a)(1). On May 25, 2004, the trial court sentenced Petitioner to sixty-five years in prison. Petitioner appealed and on September 7, 2005, the Illinois Appellate Court affirmed his conviction and sentence. Petitioner filed a Petition for Leave to

1

Appeal ("PLA") that the Illinois Supreme Court denied on December 1, 2005. There is no indication that the Petitioner filed a petition for a writ of certiorari to the United States Supreme Court following the denial of his PLA.

On August 27, 2007, Petitioner filed a postconviction petition pursuant to 725 Ill. Comp. State. 5/122-1, *et seq.* in the Circuit Court of Champaign County. After conducting an evidentiary hearing, the Circuit Court of Champaign County dismissed the petition. Petitioner then filed a motion to reconsider in the Circuit Court of Champaign County, which was denied. The two cases were consolidated for state appellate review. On May 11, 2010 the Illinois Appellate Court affirmed the decisions of the Circuit Court of Champaign County. Petitioner filed a PLA that the Illinois Supreme Court denied on September 29, 2010. There is no indication that the Petitioner filed for a writ of certiorari following the denial of his postconviction PLA.

On August 29, 2011, Petitioner filed his Petition for Writ of Habeas Corpus (#1). Petitioner raises five claims: (1) the trial court erred in admitting statements made by the victim prior to his death; (2) the trial court erred in admitting testimony of Trent Williams regarding an out-of-court statement made by the victim; (3) the evidence was insufficient to prove Petitioner's guilt beyond a reasonable doubt; (4) the trial court erred in denying the jury's request for transcripts of witnesses' testimony; and (5) trial counsel rendered ineffective assistance. On April 5, 2012, Respondent filed a Motion to Dismiss (#8), explaining that the Petitioner's Petition for Writ of Habeas Corpus (#1) was not timely filed. Petitioner did not file a Response to the Motion to Dismiss (#8).

# ANALYSIS

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A Section 2254 petition has a one-year statute of limitations. According to 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The facts of this case suggest that the Petitioner's statute of limitations should be calculated by subsection "A" of the aforementioned statute. Under that subsection,

Petitioner's direct review became final on March 1, 2006, ninety days after his PLA was denied by the Illinois Supreme Court and his time to file a petition for a writ of certiorari expired. See Jones v. Hulick, 449 F.3d 784, 787-88 (7th Cir. 2006). Thus, Petitioner's clock began on March 1, 2006. Under § 2254, Petitioner had until March 1, 2007 to file his federal habeas corpus petition. Petitioner did not file his Petition for Writ of Habeas Corpus (#1) until August 29, 2011.

Under § 2244(d)(2) the federal limitations period is tolled when there is a "properly filed application for State Post-Conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed his state postconviction petition on August 27, 2007, more than one year after the statute of limitations began to run. Under 28 U.S.C. § 2244(d)(2) this filing did not have a tolling effect because the limitations period had already run. See Graham v. Borgen, 483 F.3d 475, 483 (7th Cir. 2007) (stating that a postconviction petition that was filed after the one-year limitations period had no tolling effect under 28 U.S.C. § 2244(d)(2)). In conclusion, there was no limitation period left to toll at the time Petitioner filed his state postconviction petition.

Under extraordinary circumstances a prisoner may be entitled to an equitable tolling of the statute of limitations on a Section 2254 habeas corpus petition. See Holland v. Florida, 130 S. Ct. 2549, 2259-65 (2010). In these cases a petitioner bears the burden of proving that: (1) he has been pursuing his rights diligently; and (2) some "extraordinary circumstance"

prevented a timely filing. Id. at 2562-63 (citing Pace v. DilGuglielmo, 544 U.S. 408, 418 (2005)).

In Petitioner's Petition for Writ of Habeas Corpus (#1) he mentions that postconviction counsel lead him to miscalculate the limitations period. Petitioner also states that his inability to fully understand the law impeded his ability to file a timely petition. Though this court acknowledges these circumstances, it ultimately finds them non-prejudicial. Petitioner has not met his burden under DiGuglielmo because he did not pursue his rights diligently. Petitioner has allowed more than one year after the conclusion of his direct appeal before filing for his postconviction petition and he also allowed nearly a full year of untolled time to lapse after his postconviction proceedings before filing his Petition for Writ of Habeas Corpus (#1). Moreover, Petitioner has not presented "extraordinary circumstances" that would justify tolling the limitations period. Therefore, Petitioner's Section 2254 motion (#1) must be dismissed as time barred and the state's Motion to Dismiss (#8) must be granted.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion should be dismissed as untimely. Therefore, this court concludes that a certificate of appealability is unwarranted.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss (#8) is GRANTED.

(2) Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is DISMISSED.

(3) A certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 26th day of June, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE